# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERRIE SANDERS, | ) |
|     Plaintiff, | ) |
| v. | )    Case No. CIV-15-89-M |
| BILL ANOATUBBY, Governor, | ) |
| CHICKASAW NATION HOUSING | ) |
| ADMINISTRATION, | ) |
| WAYNE SCRIBNER, Secretary of | ) |
| Community Service, | ) |
| RENEE SWEET, Executive Officer | ) |
| of H.A., | ) |
| JACKIE WILLIAMS, Supervisor H.A., | ) |
| and TERRY DAVIS, H.A., | ) |
|     Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss Complaint with Brief in Support, filed March 16, 2015. On April 3, 2015, plaintiff responded, and on April 10, 2015, defendants replied. Also before the Court is plaintiff's Motion to Amend Complaint, filed April 03, 2015. On April 24, 2015, defendants responded, objecting to plaintiff's motion to amend. Based on the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff, who is proceeding *pro se* in this action, filed her Complaint on January 28, 2015, alleging:

> 1.) Wrongful Termination, Abuse of Authority, Non-Compliance of Several Chickasaw Policies and Procedures, Hostile Work Environment, did not allow Due Process, [sic] denied me my individual rights.
>
> 2.) Homeowner's Application Discrimination, Non-Compliance of NAHASDA (Native American Housing Assistance and Self-

> Determination Act of 1996), [sic] improper handling of application
> due to retaliation from H.A. superiors.

Compl. ¶¶ 1 and 2.

Defendants now move this Court, pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6), to dismiss this action. Specifically, defendants contend that (1) plaintiff has failed to set forth a short and plain statement of jurisdiction and entitlement to relief; (2) this Court lacks subject matter jurisdiction over the Chickasaw Nation, a sovereign and federally recognized Indian nation; and (3) the Complaint fails to state a claim against defendants upon which relief can be granted.

II.     Standard for Dismissal

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *Penteco Corp. Ltd. P'ship - 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Tribal sovereign immunity is a matter of subject matter jurisdiction, which may be challenged by a motion to dismiss under Fed.R.Civ.P. 12(b)(1)." *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001) (internal citations omitted). "Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation omitted). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

In this instance, it appears defendants are making a facial attack on plaintiff's Complaint, and, therefore, the Court will "review the [Rule] 12(b)(1) dismissal[] under the same standard applicable to the dismissal[] under 12(b)(6)." *Dry v. United States*, 235 F.3d 1249, 1253 (10th Cir. 2000). Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true

and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

> Indian tribes are domestic dependent nations that exercise inherent sovereign authority. As dependents, the tribes are subject to plenary control by Congress. The Constitution grants Congress powers we have consistently described as plenary and exclusive to legislate in respect to Indian tribes. And yet they remain separate sovereigns pre-existing the Constitution. Thus, unless and until Congress acts, the tribes retain their historic sovereign authority.

*Michigan v. Bay Mills Indian Cmty.*, ___U.S. ___, 134 S. Ct. 2024, 2030 (2014) (internal citations and quotations omitted). Defendants contend that plaintiff is barred from bringing suit against the Chickasaw Nation, as a sovereign Indian tribe, since neither the Chickasaw Nation nor Congress has unequivocally and expressly waived its sovereign immunity. Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff is barred from bringing her suit against the Chickasaw Nation, as neither the Chickasaw Nation nor Congress has waived the tribe's sovereign immunity. Therefore, the Court finds that plaintiff's claims against the Chickasaw Nation Housing Administration should be dismissed with prejudice.[1]

Further, defendants contend that this Court lacks subject matter jurisdiction to hear plaintiff's claims that defendants violated tribal policies and that plaintiff was discriminated against in violation of the NAHASDA.[2] In her response, plaintiff contends that Title VI vest

---

[1] The Chickasaw Nation Housing Administration, as an entity of the Chickasaw Nation, is also entitled to sovereign immunity.

[2] Plaintiff, in her response, alleges facts not included in her Complaint. Plaintiff alleges that:

jurisdiction in this Court to hear matters related to intentional discrimination in programs and activities receiving federal financial assistance.[3] However, defendants assert that the NAHASDA provides an exemption to tribal preferential programs. *See* 25 U.S.C. § 1431(b)(6) ("Title VI of the Civil Rights Act of 1964 . . . shall not apply to actions of federally recognized tribes and tribally designated housing entities of those tribes under this chapter."). Plaintiff further alleges in her response that jurisdiction is granted to this Court under the *Ex parte Young* doctrine.[4] Defendants contend that the *Ex parte Young* doctrine is inapplicable here because plaintiff alleges that tribal officials violated tribal policies, in their official capacities.[5]

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that this Court lacks subject matter jurisdiction to hear plaintiff's claims alleged in her

---

> 1. Plaintiff was treated unfairly and with bias during her employment with the Chickasaw Nation, resulting in wrongful termination. Several policies and procedures were not followed and she was not given due process when attempting to utilize the chain of command.
> 2. Superiors abused their authority on several occasions, acting outside the scope of their official duties and in direct violation of the power entrusted to them, and breaking policies and procedures as stated in the Chickasaw Nation's Employees' Code and Handbook.
> 3. Plaintiff's homeowners' application was handled differently than other Chickasaw applicants, and evidence indicates that this was due to retaliation by superiors related to her employment. This shows non-compliance with the Native American Housing Assistance and Self Determination Act of 1996 (NAHASDA).

Plf.'s Resp. at 1.

[3] Plaintiff fails to allege this jurisdictional basis in her Complaint.

[4] *See Ex parte Young*, 209 U.S. 123 (1908). Plaintiff alleges in her response that the *Ex parte Young* doctrine waives tribal officials' immunity when tribal officials are acting outside the scope of their official capacity or violating federal law.

[5] Plaintiff included defendants' official titles in the caption of this case.

Complaint. The Court specifically finds that jurisdiction is not vested in this Court based on plaintiff's claim that defendants violated Title VI by not complying with the NAHASDA since the NAHASDA specifically exempts federally recognized tribes, such as the Chickasaw Nation and the tribally designated housing entities of those tribes such as the Chickasaw Nation Housing Administration, from Title VI. Further, the Court finds jurisdiction is not vested in this Court based on the *Ex parte Young* doctrine. Plaintiff specifically included defendants' official titles in the caption of this lawsuit and alleges that defendants violated tribal policies. Other than conclusory statements that defendants were acting outside the scope of their official tribal capacity, plaintiff has failed to allege facts to support her claim that defendants were acting outside the scope of their tribal capacity or violating federal law. Therefore, the Court finds plaintiff's Complaint against defendants Governor Bill Anoatubby, Wayne Scribner, Renee Sweet, Jackie Williams, and Terry Davis should be dismissed.[6]

IV. Motion to Amend

Plaintiff moves this Court to amend her Complaint to add Title VI and the *Ex parte Young* doctrine to establish the basis for jurisdiction in this Court. For the reasons set forth above, the Court finds that amendment of plaintiff's Complaint to establish jurisdiction under Title VI or the *Ex parte Young* doctrine would be futile.

V. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Amend Complaint [docket no. 15] and GRANTS Defendant's Motion to Dismiss Complaint with Brief in Support [docket no. 11] as follows: (1) the Court DISMISSES plaintiff's Complaint

---

[6] Defendants contend that relief is available to plaintiff through mechanisms established by the Chickasaw Nation in its Tribal Code. Further, plaintiff requests if she must litigate her claims through the Chickasaw Nation's tribal system that the Court dismisses her Complaint without prejudice.

6

against defendant Chickasaw Nation Housing Administration with prejudice; and (2) the Court DISMISSES plaintiff's Complaint against all other defendants without prejudice.

**IT IS SO ORDERED this 26th day of May, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE